Mr. Chief Justice Johnson delivered the opinion of the Court. The defendant interposed his motion in the court below to quash the indictment upon the ground that it did not appear to have been endorsed “filed” by the clerk of the court. The State, at the same term, and whilst the motion was pending before the court, appeared, by her attorney, and asked leave to have the omission supplied by an order nunc pro tunc. The court refused to grant the order asked by the State, but sustained the motion to quash, and rendered final judgment against the State. The motion to quash was interposed at the May term, 1851, and the State proposed to show that, at the November term, 1850, the same indictment was returned into the court, and placed amongst the files of the office. This she proposed to establish by the testimony of the clerk and his deputy, and also by the entry of record, which recited that the grand jury came into court, and, by their foreman, in the presence of said jury, presented to the court sundry bills of indictment, which were filed, &c. The clerk and his deputy not only proved that the indictment in question was one of those returned and filed at the November term, 1850, but it further appeared to have been actually marked filed on the 27th November, A. D. 1850, and signed “Dandridge McRea, D. C.” The 85 th sec. of chap. 52, Digest, declares that “All indictments found and presentments made by a grand jury, shall be presented to the court by the foreman, in the presence of such jury, and shall there be filed and remain as records of the court.” It is clear, from this provision of the statute, that it is made the duty of the clerk to endorse the filing upon the indictment, and to place it in his office for safe keeping. This being the case, the omission to make the endorsement, is amere breach of clerical duty, and must consequently be governed by the law applicable to such omissions. The act of the clerk in marking a paper filed, is merely ministerial, and, as such, is amendable at common law. See 1 Str. 136. Phillips vs. Smith, 1 Saund. Faulkner’s case, p. 250, c and d. The instances in which amend ments have been made of the record below, are innumerable; and wherever amendments are made by the common law, there is no distinction between criminal and civil cases. (See 1 Saund. 250, and the authorities there cited.) The filing of a paper in court, and the endorsement of such filing, are two seperate and distinct things. The endorsement by the clerk is the highest legal evidence of the filing, yet the filing, in contemplation of law, is as perfect before as after such endorsement, and dates from the receipt by the clerk and its lodgment in his office. The filing having become complete and perfect the moment the indictment was deposited in the office of the clerk, the only question that can arise is, whether the fact that it was so deposited, is susceptible of proof by evidence aliunde. In respect to this, we cannot entertain a doubt, and more especially when it is regarded as a clerical omission of a mere ministerial act. The record itself showed that sundry indictments had been retened into the court at the term immediately preceding; and it was clearly and fully proven, by the testimony of the clerk, and also by his deputy, that the one before the court was_one of that number. We think the proof was fully sufficient to identify the indictment as one of those returned by the grand jury at the preceding term; and if so, it most unquestion ablyentitled the State to the benefit of her motion to amend. It is conceded that our statute of Amendments does not extend to criminal proceedings, yet the defect alleged here, being a mere clerical omission, was amendable at common law. We are, therefore, satisfied that the court ought to have given leave to make the amendment upon terms, and that consequently the judgment is erroneous, and ought to be reversed. Let the judgment be reversed, and the cause remanded, to be proceeded in according to law.